COMMISSIONERS OF HOKE COUNTY v. TOWN OF RAEFORD.

(Filed 22 October, 1919.)

1. Municipal Corporations—Counties—Towns—Highways—Streets—Bridges —Actions.

The incorporation of a town included in its limits existing county highways over which were two bridges that, since then, the county commissioners rebuilt of its own volition without the request or concurrence of the town. These highways were not city streets, though their maintenance

were important to both the town and county, but were never recognized as such by the town authorities, or control thereof assumed by them: *Held*, the county may not recover of the town the cost they had paid for rebuilding the bridges. The question of whether it was the duty of the county to build these bridges is not presented.

2. **Municipal Corporations—Counties—Towns—Streets— Discretion— Necessity.**

Municipal corporations have the right, within their judgment of the necessity or expediency, to open public streets and to locate and construct necessary bridges over them.

3. **Appeal and Error—Findings—Pleadings.**

An allegation of the complaint, denied in the answer, is valueless on appeal in the absence of a finding thereon by the trial judge who, under an agreement of the parties, was to find the facts in controversy.

WALKER and HOKE, JJ., dissenting.

CIVIL ACTION, tried before *Bond, J.*, at April Term, 1919, of HOKE. Plaintiffs appealed.

*J. W. Currie for plaintiffs.*
*Smith & McQueen for Defendant.*

BROWN, J. This action is brought by the commissioners of Hoke County to recover from the town of Raeford the cost of rebuilding certain bridges on two public highways within the town. A jury trial was waived and the court found the following facts:

That the places at which the bridges in question were constructed are inside the corporate limits of the town of Raeford; that they are on roads, laid out after the town of Raeford was incorporated, said roads running through the town and being public roads of the county. The court finds that the places at which the bridges were constructed are not on any one of the public streets of the town of Raeford, and that the authorities of said town have never assumed control in any way of the two roads at the place where the bridges were constructed.

The court further finds that the roads upon which said bridges were constructed are used by large numbers of people in going into and going away from the town of Raeford, and that it is important to the town, and also to the county, that the roads shall be in proper condition, as one of them is a part of the Atlanta and Washington Highway.

Upon consideration of the facts admitted in the pleadings, coupled with the findings of fact which appear in this judgment, the Court is of opinion that the town of Raeford is not liable to plaintiff.

The question presented here is not whether plaintiff could have been made to have constructed the bridges referred to. The fact is, they did

it, and so far as the findings of the court show, without any request or authority from the defendant.

It is well settled that municipal corporations have the right to open public streets and to locate and construct necessary bridges over them, and such corporations are the sole judges of the necessity or expediency of exercising this right. *Stratford v. Greensboro,* 124 N. C., 127; *Waynesville v. Satterthwaite,* 136 N. C., 227.

The Court finds that the places at which the bridges were constructed are not any part of the public streets of the town of Raeford, and that the authorities of such town have never assumed any control or jurisdiction in any way over the two roads at the place where the bridges were constructed. These crossings appear to be on private property of individuals. Inasmuch as it has been found as a fact that these bridges do not constitute any part of the public streets of the town over which its corporate authorities have assumed jurisdiction, we fail to see why the town should be charged with the expense of rebuilding them. The question presented here is not whether it was the duty of the county commissioners to rebuild these bridges, but whether, having done so without any request or authority from the defendant, they can recover the cost from it. It appears that these bridges were across public roads of the county before the incorporation of the defendant and constitute a part of the public roads of the county. In the face of the finding that the commissioners of the town had never assumed jurisdiction over these roads, and had never undertaken to keep in repair these bridges, we are of opinion that the plaintiff cannot recover. It is true it is alleged in the complaint that this work was done at the request of the defendant's commissioners by the road force of the county, but this allegation of the complaint is specifically denied, and in the absence of a finding of fact supporting it, it is valueless and constitutes no ground for a recovery.

Affirmed.

WALKER, J., and HOKE, J., dissenting.